Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
1423 S. Higley Rd., Suite 110
Mesa, AZ 85206
Tel:  (480) 517-1400
Fax:  (480) 517-6955
Attorneys for Plaintiff Tillman

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ushondra Tillman,<br><br>    Plaintiff,<br><br>vs.<br><br>Cavalry Portfolio Services, LLC,<br><br>    Defendant. | No. _____<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Defendant Cavalry Portfolio Services, LLC ("Cavalry"), a debt collector, continued to collect on an alleged debt after it learned that it was no longer valid. Plaintiff brings this action to remedy Cavalry's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*, and its invasion of her privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337(a).

3. This Court has supplemental jurisdiction over Tillman's state law claim pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

4. Plaintiff Ushondra Tillman ("Tillman") resides in Flagstaff, Coconino County, Arizona.

5. Tillman is a natural person, allegedly obligated to pay a debt, and is thus a "consumer" under the FDCPA. 15 U.S.C. § 1692a(3).

6. Cavalry is a Delaware corporation registered to do business in Arizona.

7. Cavalry regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

8. Cavalry is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

9. On June 29, 2001, Tillman purchased a new 2001 Mazda Protege ("the vehicle") from Mazda of Clear Lake in Webster, Texas.

10. Tillman purchased the vehicle pursuant to a Retail Installment Sale Contract - Simple Finance Charge ("the RISC"). (A copy of the RISC is attached as Exhibit A).

11. Tillman purchased the vehicle for personal, family, or household purposes.

12. The RISC was subsequently assigned to Ford Motor Credit d/b/a Mazda America Credit ("Mazda Credit").

13. Tillman made payments for approximately a year and a half under the RISC.

14. Tillman then encountered financial difficulties and defaulted under the RISC.

15. On April 22, 2003, Mazda Credit accelerated Tillman's loan and declared the entire amount due.

16. After that date, Tillman made no payments under the RISC.

17. On July 2, 2007, Mazda Credit sued Tillman for the entire balance due under the RISC.

18. Tillman answered, asserting that Mazda Credit's claim was barred by the statute of limitations.

19. The parties subsequently settled the case.

20. Pursuant to that settlement, Mazda Credit agreed to dismiss its claims against Ms. Tillman, pay her attorney's fees, and sign a mutual release agreement.  (A copy of the Settlement Agreement and Release is attached as Exhibit B).

21. The mutual release provided as follows:

> The Parties, on behalf of themselves, their agents, employees, partners, representatives, principals, executors, administrators, and assigns do hereby completely release and forever discharge the other and their agents, attorneys, current and former employees, officers, directors, shareholders, partners, representatives, principals, affiliates, predecessors, successors, executors, administrators and assigns from any and all claims, actions, suits, debts, liens, liabilities, demands, rights, damages, losses, costs, fees, expenses and otherwise, whether known or unknown, whether mature or to mature in the future, that have been or

that could have been made within or in connection with the matter.

22. On June 10, 2008, Cavalry sent Tillman a letter attempting to collect the debt which had been released by Mazda Credit. (A copy of that letter is attached as Exhibit C).

23. On June 25, 2008, Tillman responded by sending Cavalry a letter stating as follows:

> I Ushondra Tillman...am writing to let you know this Debt has been taken to legal counsel and agreement was reached between myself and Ford Motor Credit Aka Mazda American Credit to have this Item Dismissed. So please be advised that I am Disputing this Debt.

(A copy of that letter is attached as Exhibit D).

24. Tillman included a copy of the release agreement and stipulation for dismissal with that letter.

25. Cavalry never sent Tillman a verification of the debt.

26. Instead, it continued its collection activities.

27. Unbeknownst to Tillman, Cavalry had began reporting the account as a collections account to the three main credit reporting agencies in April of 2008.

28. After receiving Tillman's dispute letter, Cavalry again reported the alleged debt to TransUnion as a collection account, past due in the amount of $21,225.00, without noting the dispute, on July 20, 2008.

4

29. Cavalry also reported the debt to Experian, as a collection account, past due in the amount of $21,225.00 in July of 2008.

30. As of July 31, 2008, Cavalry had not updated Tillman's Equifax credit report to reflect that the alleged debt was disputed.

31. On August 11, 2008, Cavalry sent another collection letter to Tillman, attempting to collect the debt, which had been released by Mazda Credit. (A copy of that letter is attached as Exhibit E).

32. To date, Cavalry has never sent a verification of the debt.

33. Tillman learned that the debt was being reported on her credit reports despite her dispute when she was denied credit on several occasions.

34. She then obtained counsel to try to resolve the matter through Mazda Credit.

35. As a result of her counsel's efforts, Mazda Credit repurchased the loan from Cavalry on August 18, 2008 and instructed Cavalry to delete the trade line regarding the account as of that date.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

36. Defendant's acts and omissions constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to:

    a. The use of false, deceptive, or misleading representations or means in connection with the collection of a debt; 15 U.S.C. § 1692e;

5

    b.    Misrepresenting the character, amount, or legal status of the debt; 15 U.S.C. §1692e(2)(A);

    c.    Communicating or threatening to communicate to any person information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. §1692e(8);

    d.    Continuing to attempt to collect the debt after Tillman had disputed it and before providing Tillman with verification of the debt. 15 U.S.C. § 1692g(b).

37.    As a result of Defendant's violations of the FDCPA, Tillman suffered damages in an amount to be determined by this Court.

38.    Cavalry is therefore liable to Tillman in the sum of Tillman's actual damages, statutory damages in the amount of $1,000, and costs and attorney's fees. 15 U.S.C. §1692k(a).

## JURY DEMAND

39.    Tillman demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award her:

    a.    Her actual damages;

6

b. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2);

c. Attorney's fees and costs in bringing this action pursuant to 15 U.S.C. §1692k(a)(3);

d. Prejudgment and post-judgment interest; and,

e. Such other relief as it deems just.

RESPECTFULLY SUBMITTED on October 31, 2008.

          CHOI & FABIAN, PLC


           /s/ Veronika Fabian
          Attorneys for Plaintiff Tillman