**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ushondra Tillman, | ) | No. CV-08-8142-PCT-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Calvary Portfolio Services, LLC, | ) | |
| Defendant. | ) | |

Plaintiff has filed a motion to strike Defendant's offer of judgment. Dkt. #8. The court will deny the motion without prejudice.

**I.    Background.**

Plaintiff commenced this action to recover for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and invasion of privacy. Dkt. #1. Defendant served an offer of judgment on Plaintiff on January 14, 2009, which included a provision for "costs and attorney's fees now accrued." Dkt. ##8 at 1; 10 at 1, 4. Between January 15 and January 30, counsel exchanged correspondence and had telephone conversations regarding the fee provision. Dkt. ##8 at 3; 10 at 3. Plaintiff's counsel sought clarification about "whether the Offer of Judgement was or was not intended to foreclose [Plaintiff] from seeking attorney's fees in connection with any fee application." Dkt. #8 at 3. Defendant's counsel refused to clarify the provision because "Defendant's Offer contains clear and unambiguous language" and "Defendant is not Plaintiff's attorney and cannot legally advise Plaintiff or Plaintiff's counsel as to the operative effect of language in a

document." Dkt. #10 at 3-4. Plaintiff moved to strike the offer of judgment on January 30, arguing that the ambiguity of the fee provision, and Defendant's refusal to clarify it, prevented Plaintiff from making an informed decision about the offer. Dkt. #8 at 1.

**II.   Discussion.**

"[A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party [accepts], either party may then file the offer and notice of acceptance[.]" Fed. R. Civ. P. 68(a). "An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). Failure to accept an offer of judgment may have adverse consequences: "if a plaintiff rejects a defendant's offer of judgment, and the judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer." *U.S. v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996) (citation omitted); *see* Fed. R. Civ. P. 68(d). If a Plaintiff is not served with a valid offer of judgment under Rule 68, however, "he cannot be deprived of his costs." *See Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002) (holding that a $400,000 settlement offer was not a valid offer of judgment under Rule 68, and therefore plaintiff's failure to accept it did not preclude him from seeking costs after winning a lesser judgment).

Local Rule of Civil Procedure 7.2 provides that "[u]nless made at trial, a motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike a part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Under the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," but an offer of judgment is not a "pleading." Fed. R. Civ. P. 12(f); *see* Fed. R. Civ. P. 7(a); *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995) ("Rule 7 explicitly excludes everything else from its definition of pleadings."). Ordinarily, a court

cannot consider the fairness or validity of an offer of judgment until it is filed and judgment is entered. *See, e.g.*, *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) ("[T]here is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a . . . party to prove costs."); *Bechtol v. Marsh & McLennan Companies, Inc.*, No. C-07-1246, 2008 WL 2074046, *2 (W.D. Wash. May 14, 2008) (declining to "determine the fairness of the offer of judgment" where the defendant's offer had not been filed, and where no judgment had been entered).

Plaintiff argues that the motion to strike Defendant's offer is appropriate "to further the purposes of Rule 68 and to protect the ability of parties to make reasonable decisions," citing *Boorstein v. New York*, 107 F.R.D. 31, 34 (D.C.N.Y. 1985). Dkt. #11 at 2. In *Boorstein*, the court denied an offeree's motion to strike a defendant's offer of judgment containing an ambiguous provision for "costs." *See* 107 F.R.D. at 35. The court did not hold that a motion to strike an ambiguous offer prior to filing the offer or a judgment was proper under the Federal Rules of Procedure. *See id.* Nevertheless, in declining to impose Rule 11 sanctions for the motion to strike, the court stated that the motion had a basis in fact due to the ambiguity of the "costs" provision, and a basis in law because the dispute "present[ed], at a minimum, a good faith argument for the extension or modification of existing law." *Id.* at 35. The court did not cite any authority indicating that a motion to strike an offer of judgment was "procedurally permissible" under the Rules. *See id.* at 35.

Despite the court's decision not to impose sanctions in *Boorstein*, there are clear authorities controlling motions to strike in this jurisdiction. As Defendant correctly notes, a motion to strike is a procedural device that is only appropriate for use against a "pleading." Fed. R. Civ. P. 7(a); Fed R. Civ. P. 12(f); Dkt. #10 at 2. Additionally, this Court only considers motions to strike which are "authorized by statute or rule," and which seek "to strike a part of a *filing or submission*." LRCiv 7.2 (emphasis added). Plaintiff does not cite a statute or rule that supports her motion to strike. *See* Dkt. #8 at 1-4. Further, Defendant has not filed its offer of judgment. Even if the offer was filed, the issue of its fairness and

validity will only ripen after an entry of judgment less favorable than Defendant's offer. *See McDowall*, 216 F.R.D. at 52; *cf. Berkla*, 302 F.3d at 922; *Trident Seafoods*, 92 F.3d at 859. The issue may not ripen at all if Defendant renews its offer and Plaintiff accepts it, or if Defendant does not dispute costs in post-judgment proceedings by filing its offer of judgment. *See* Fed. R. Civ. P. 68(b) ("Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."). The Court therefore concludes that Plaintiff's motion to strike Defendant's offer of judgment is procedurally improper.

**IT IS ORDERED** that Plaintiff's motion to strike (Dkt. #8) is **denied**.

DATED this 27th day of February, 2009.

David G. Campbell
United States District Judge